# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE SUBPOENA DUCES TECUM TO
INGETEAM, Inc.,

                              Case No. 11-MISC-36

## DECISION AND ORDER

General Electric Company ("GE") moves to enforce a subpoena it served on Ingeteam, Inc. ("Ingeteam USA") in connection with a patent infringement lawsuit in the Northern District of Texas. In the Texas lawsuit, GE alleges that certain models of Mitsubishi wind turbines infringe upon a GE patent. GE seeks documents from Ingeteam USA which relate to certain components in those wind turbines. Ingeteam USA claims that the subpoenaed documents are in the possession of its parent corporation, Ingeteam Spain.

Rule 45 permits a party to subpoena documents that are in a third party's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). In deciding whether a subsidiary has "control" over documents held by its foreign parent corporation, courts focus on the closeness of the relationship between the entities. *Flavel v. Svedala Indus., Inc.*, 1993 WL 580831, *4 (E.D. Wis. 1993) (citing *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986); *In re Uranium Antitrust Lit.*, 480 F. Supp. 1138, 1145-53 (N.D. Ill. 1979)); *Appleton Papers, Inc. v. Whiting Paper Co.*, No. 08-C-16, 2009 WL 2408898, *2 (E.D. Wis. July 31, 2009). Specifically, courts examine a variety of factors, including (1) the parent's ownership share in the subsidiary or affiliated corporation, (2) whether the

corporations have interlocking management structures, (3) the degree of control exercised by the foreign parent over the subsidiary's directors, officers, and employees, (4) the foreign parent's connection to the transaction at issue, and (5) whether the foreign parent refusing production will receive a benefit from the litigation. *Afros*, 113 F.R.D. at 130-32. Thus, in the context of either Rule 34 (production of documents by party to litigation) or Rule 45 (production of documents by third-parties to litigation), relevant documents cannot be hidden by a parent corporation overseas, even though the court does not have personal jurisdiction over the foreign parent.[1]

Ingeteam USA is a wholly-owned subsidiary of Ingeteam Spain. GE's subpoena requests materials that describe the design and operation of the source code in Ingeteam's Control Converter Units and any documents relating to the use of Ingeteam's components to implement a zero voltage ride through feature in Mitsubishi's wind turbines. Ingeteam USA services, tests, and maintains these units in the United States. The converter units are manufactured overseas by Ingeteam Spain, but there are plans for Ingeteam USA to begin manufacturing the units in America. In marketing its wind turbine components, Ingeteam Spain advertises Milwaukee as an "international presence." Ingeteam USA and Ingeteam Spain clearly collaborate on the transaction at issue – the manufacture, testing, support and maintenance of its control system components. It would be impossible for Ingeteam USA to service and eventually manufacture the components without access to the documents

---

[1] Rule 34 and Rule 45 both include the phrase "possession, custody, or control." The Federal Rules of Civil Procedure are read *in pari materia*, so cases implicating either rule are relevant to the Court's disposition. *Yousuf v. Samantar*, 451 F.3d 248, 256 (D.C. Cir. 2006); *Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D. 462, 468 (D. Mass. 1993).

requested by the subpoena. Finally, both Ingeteam corporations benefit from withholding documents in connection with the Texas litigation. An injunction against Mitsubishi would reduce the number of wind turbine components Mitsubishi might purchase from Ingeteam. "If a non-party will directly receive the benefit of an award, then it is unjust that it can frustrate the discovery process and the complete resolution of the issues by refusing to furnish documents in its possession." *Afros* at 131.

Ingeteam USA argues that the foregoing caselaw was superceded by the following language in *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993): "the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite." However, *Chaveriat* did not deal with control in the context of an interrelated corporate structure. Indeed, the relevant parties in *Chaveriat* had no legal relationship whatsoever. The court merely observed that the plaintiffs "could no doubt have asked NET to give it the [documents]; judging from what happened later, NET would have complied." *Id.* at 1426. Therefore, *Chaveriat* does not alter the general rule that a subsidiary "need only be able to obtain the documents in question to 'control' them, and need not 'control' the parent that possesses the documents." *In re Subpoena to Huawei Tech. Co., Ltd.*, 720 F. Supp. 2d 969 (N.D. Ill. 2010).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** GE's motion to compel [D. 1] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2011.

                                              **BY THE COURT**:

                                              *s/ Rudolph T. Randa*
                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**